Judge Hise
delivered the opinion of the Court.
In this case, the Court below, by an interlocutory order, entered at the May term, 1849, directs Hopkins by the next term, to pay the amounts due the complainants Dougherty, Smedley,and Morgan, without ascertaining the amounts to be paid; and afterwards in July, 1850, a decree is rendered, which after reciting that defendant Hopkins had failed to pay the money as directed by the former decree, directs absolutely, a sale of so much of the mortgaged property as will satisfy and. pay Dougherty and Smedley the sum of $2850 10, with interest from the date of the decree — that the commissioner shall sell the property in the order required by law in sales under execution, and that the said commissioner shall also ascertain and report the amount due Morgan on the debts secured by the mortgage. These decrees are wholly erroneous:
1st. The preliminary order does not state what amount shall be paid by Hopkins to the defendants in *186 error, or to either, or which of them the payments should be made. The final decree directs the sale of mortgaged property without specifying or giving identity by date or description, to any particular deed of mortgage, although there are two deeds of mortgage from Hopkins to Morgan, Smedley, and Dougherty, copied in this record, not as exhibits made by either of the mortgagees in their answers and cross bills, but which were filed in the suit as exhibits made in the bill of the original complainant, Ward’s administrator. I.t directs the application of the proceeds of the sale of mortgaged property to the payment of a sum stated, when no previous order had been made, giving day to Hopkins to pay any ascertained amount or amounts, severally, to either Dougherty, Smedley, or Morgan, and in fact it postpones the settlement of accounts as between Morgan and Hopkins, and refers the same to a commissioner, who is directed to ascertain and report the amount due from Hopkins to Morgan.
And where there are joint mortgagees, all are necessary parties to a suit ior foreclosure. A decree upon a mortgage should so identify the mortgage or prop erty to be sold, as to show wiiat is intended to be sold—and where there are joint mortgagees, if the fund is insufficient to pay all the mortgage debt a pro rata distribution of the fund should be decreed.
The amount decreed to Dougherty and Smedley, is $2850 10, when there is nothing presented in the whole record from beginning to end, in the pleadings, exhibits, or proof, from which it can be learned,what amount Hopkins is indebted to Dougherty and Smedley, or whether he is, or is not, indebted to them in any sum whatever.
It directs the sale of as much of the mortgaged property, without specifying the property or describing the mortgage, as may be necessary (and it may take the whole,) to pay Smedley and Dougherty the sum stated, without ascertaining the amount, if any, due to Morgan, who as a joint mortgagee, would be entitled to a pro rata share of the proceeds of the sale, and without having made John G. Parker a party to the suit, who is also in one of the mortgages from Hopkins, a joint mortgagee with Dougherty, Smedley, and Morgan, and of course a necessary party whose interests should be presented and settled, if any he has. On account of the objections stated, and because the pleadings of these *187 parties, which are very confused, and otherwise defective, furnish no sufficient data upon which to found the present decrees, and because there is no proof taken, commissioner’s report made, or exhibits regularly filed, for want of which it would seem to be difficult if npt impossible to make a proper disposition of the cause.
Harlan for plaintiff’.
Wherefore the said interlocutory order and subsequent decree are reversed, and the cause remanded with directions that the parties have leave to amend the existing, and file additional pleadings, to file their exhibits and take proof, and for such other proceedings as may lead to a correct and final adjustment of all the matters in controversy, in default óf which that the answers and cross bills of the defendants in error, be dismissed without prejudice.